UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROGER KAREEM WOODARD,<br><br>          Petitioner,<br><br>   v.<br><br>JERI BOE,<br><br>          Respondent. | CASE NO. 3:25-cv-05086-JLR-BAT<br><br>**REPORT AND RECOMMENDATION GRANTING MOTION TO STAY AND ABEY HABEAS PETITION** |

Petitioner moves to stay and abey the 28 U.S.C. § 2254 habeas petition he submitted on February 3, 2025 on the grounds his habeas issues "have not been heard or addressed by the lower court." Dkt. 4. Without waiving any defenses, Respondent does not oppose Petitioner's motion to stay and asks the Court to grant Respondent 45 days from the date the stay is lifted to file a response to the petition. Dkt. 8.

Petitioner seeks federal habeas review of his October 21, 2021 Pierce County Superior Court convictions for attempted first-degree murder, first-degree kidnapping, and first-degree burglary and the sentence he received. *See State v. Woodard*, 2022 WL 21817832 (Superior Court, Feb. 4, 2022). The Washington Court of Appeals affirmed Petitioner's convictions and sentence on October 10, 2023 in *State v. Woodard*, 28 Wash.App.2d 1035 (Div II 2023) but ordered remand limited to whether a lifetime no-contact order covering Petitioner's children was

reasonably necessary in light of his right to parent and whether modification was needed. On February 7, 2024, the Washington Supreme Court denied review. *State v. Woodard*, 2 Wash.3d 1021 (2024). Respondent advises that Petitioner currently has an unresolved personal restraint petition (PRP) that is pending in the Washington Court of Appeals and that it would be appropriate for this Court to stay and abey the present habeas petition until Petitioner's state court proceedings have concluded.

This Court retains the discretion to hold an unexhausted federal habeas petition in abeyance. *See Mena v. Long,* 813 F.3d 907, 912 (9th Cir, 2016). The Court RECOMMENDS that it be found Petitioner has demonstrated good cause for staying the present matter as a protective petition contemplated in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) and that the assigned District Judge ORDER:

(1)   Petitioner's unopposed motion to stay the proceedings until his state-court PRP proceeding is completely adjudicated be GRANTED.

**(2)   Respondent and Petitioner <u>each</u> shall file a status report with Magistrate Judge Brian A. Tsuchida every one hundred twenty (120) days, starting one hundred twenty (120) days from the date of this Order**. If state proceedings conclude before any 120 day reporting period, the parties shall immediately notify the Court.

(3)   All pending deadlines are stricken, and Respondent need not file an Answer to the federal habeas petition until forty-nine (49) days after the stay of proceedings is lifted.  If Petitioner files an amended habeas petition, Respondent's Answer to the amended petition is due 49 days from the filing of the amended petition.

(4)   The Court recommends immediate consideration of this report and recommendation as the parties both agree that this matter should be stayed pending finality of

REPORT AND RECOMMENDATION
GRANTING MOTION TO STAY AND ABEY
HABEAS PETITION - 2

state proceedings.

(3) The Clerk shall provide a copy of this Order to the parties and assigned District Judge.

DATED this 10th day of April, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge